GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
Benjamin S. Kurtz (SBN 280515)
Michael A. Augustin (SBN 319867)
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
*herringtonr@gtlaw.com*
*kurtzb@gtlaw.com*
*augustinm@gtlaw.com*

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LYNETTE PANG AND TIMO MASALIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendant. | CASE NO. 4:18-cv-01882-PJH<br><br>Hon. Phyllis J. Hamilton<br><br>**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[[Proposed] Order filed concurrently herewith]<br><br>DATE:    September 12, 2018<br>TIME:    9:00 a.m.<br>PLACE:   Courtroom 3<br>JUDGE:   Hon. Phyllis J. Hamilton<br><br>Action Filed: March 28, 2018 |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 12, 2018, at 9:00 a.m. in Courtroom 3 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Samsung Electronics America, Inc. ("Samsung") will and hereby does move to dismiss Plaintiffs Timo Masalin's and Lynette Pang's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth in the accompanying Memorandum of Points and Authorities, the FAC should be dismissed for numerous reasons, including because (i) equitable relief is unavailable where, as here, Plaintiffs plead an adequate remedy at law; (ii) Plaintiffs' fraud based claims do not comply with Rule 9(b); (iii) Plaintiffs do not allege facts establishing that Samsung had knowledge of any purported defect; (iv) Plaintiffs do not allege facts establishing any breach of the implied warranty; and (iv) the Samsung Limited warranty only covers defects in material and workmanship; yet, Plaintiffs fail to allege any defect in materials or workmanship.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and filings in this matter, all documents incorporated into the FAC by reference and upon such other oral or documentary materials as may be presented to the Court at or prior to the hearing on this Motion.

Dated: July 9, 2018                           GREENBERG TRAURIG, LLP

                                              By:   /s/ *Robert J. Herrington*
                                                    Robert J. Herrington
                                                    Benjamin Kurtz
                                                    Attorneys for Defendant
                                                    SAMSUNG ELECTRONICS AMERICA, INC.

# **TABLE OF CONTENTS**
Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

I. PRELIMINARY STATEMENT AND STATEMENT OF ISSUES ................................... 1

II. BACKGROUND ................................................................................................................ 2

III. LEGAL STANDARD ........................................................................................................ 3

IV. ARGUMENT ..................................................................................................................... 4

    A. The UCL and unjust enrichment claims, as well as Plaintiffs' request for injunctive relief, should be dismissed because Plaintiffs allege an adequate legal remedy. .................................................................................................................... 4

    B. The CLRA and UCL claims should be dismissed because Plaintiffs provide no specific facts regarding any purported misrepresentation or omission. ................. 5

    C. The omission claims also should be dismissed because Plaintiffs do not allege facts showing that Samsung was aware of the allege defect at the time of purchase. ................................................................................................................. 7

    D. The implied warranty claims fail because Plaintiffs cannot allege that their devices were not reasonably fit for ordinary use. ................................................. 11

    E. The express warranty claims fail because Plaintiffs do not allege a defect of material or workmanship. .................................................................................... 12

V. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Federal Cases**

*Andren v. Alere, Inc.*,
  207 F. Supp. 3d 1133 (S.D. Cal. 2016) .................................................................................. 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5

*Baba v. Hewlett–Packard Co.*,
  No. 09–cv–5946–RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ...................................... 10

*Bird v. First Alert, Inc.*,
  No. C 14-3585 PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ................................ 1, 5, 6, 7, 8

*Bros. v. Hewlett-Packard Co.*,
  No. C-06-02254RMW, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ................................... 14

*Burdt v. Whirlpool Corp.*,
  No. C 15-01563 JSW, 2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ................................ 7, 14

*Cipollone v. Liggett Group, Inc.*,
  505 U.S. 504 (1992) .............................................................................................................. 14

*Clark v. LG Elecs. U.S.A., Inc.*,
  No. 13-CV-485 JM JMA, 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ........................ 14, 15

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
  No. 16-CV-02941-LHK, 2016 WL 4729302 (N.D. Cal. Sept. 12, 2016) .............................. 10

*Davidson v. Apple, Inc.*,
  No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ............ 7, 8, 11, 12, 13, 15

*Harris v. R.J. Reynolds Vapor Co.*,
  2017 WL 3617061 (N.D. Cal. Aug. 23, 2017) ...................................................................... 11

*Horvath v. LG Electronics Mobilecomm U.S.A, Inc.*,
  No. 3:11-CV-01576, 2012 WL 2861160 (S.D. Cal. Feb. 13, 2012) ...................................... 14

*Huu Nguyen v. Nissan N. Am., Inc.*,
  No. 16-CV-05591-LHK, 2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ................................ 6

*In re iPhone 4S Consumer Litig.*,
  No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013) ...................................... 13

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................................................. 8

*Kent v. Hewlett–Packard Co.*,
  No. 09–5341 JF, 2010 WL 2681767 (N.D. Cal. July 6, 2010) ................................................ 9

*In re Menjivar*,
  639 F. App'x 482 (9th Cir. 2016) ............................................................................................ 5

*Minkler v. Apple, Inc.*,
  65 F. Supp. 3d 810 (N.D. Cal. 2014) ............................................................................... 12, 13

*Moss v. Infinity Ins. Co.*,
  197 F.Supp.3d 1191 (N.D. Cal. 2016) .................................................................................... 6

*Mullins v. Premier Nutrition Corp.*,
   No. 13-CV-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .............................................. 1, 6

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195 (N.D. Cal. 2017) ...................................................................................... 6

*Naiman v. TranzVia LLC*,
   No. 17-CV-4813-PJH, 2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) (Hamilton, J.) .......................... 5

*Oens v. HSBC Bank*,
   Case No. CV 12-06005 MMM, 2012 WL 12887753 (C.D. Cal. Oct. 16, 2012) .............................. 8

*Park v. Welch Foods, Inc.*,
   No. 5:12-CV-06449-PSG, 2013 WL 5405318 (N.D. Cal. Sept. 26, 2013) ..................................... 8

*Punian v. Gillette Co.*,
   Case No. 14–CV–05028–LHK, 2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ........................... 10

*Punian v. Gillette Co.*,
   No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ................................. 11, 12

*Resnick v. Hyundai Motor Am., Inc.*,
   No. CV1600593BROPJWX, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) .............................. 10, 13

*Rice v. Sunbeam*,
   No. CV 12-7923-CAS-(AJWx), 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ................................. 10

*Samet v. Procter & Gamble Co.*,
   No. 5:12-CV-01891 PSG, 2013 WL 3124647 (N.D. Cal. Oct. 12, 2015) ...................................... 7

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
   No. 16-CV-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) ......................................... 11

*Semeran v. Blackberry Corp.*,
   No. CV 15-750, 2016 WL 3647966 (D.N.J. July 6, 2016), *dismissed*, No. 16-3318,
   2017 WL 3466880 (3d Cir. Jan. 31, 2017) ................................................................................. 14

*Sloan v. Gen. Motors LLC*,
   No. 16-CV-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ......................................... 10

*Smith v. LG Elecs. U.S.A., Inc.*,
   No. C 13-4361 PJH, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ............................................... 14

*Stewart v. Electrolux Home Prod., Inc.*,
   No. 117CV01213LJOSKO, 2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) ................................ 9, 10

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................................... 13

*Tietsworth v. Sears, Roebuck & Co.*,
   No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ................................. 9

*Troup v. Toyota Motor Corp.*,
   545 F. App'x 668 (9th Cir. 2013) ............................................................................................... 15

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................ 5, 7

*Viggiano v. Hansen Nat. Corp.*,
 944 F. Supp. 2d 877 (C.D. Cal. 2013) .................................................................................... 13

*Von Koenig v. Snapple Beverage Corp.*,
 713 F. Supp. 2d 1066 (E.D. Cal. 2010) .................................................................................... 8

*Walker v. USAA Cas. Ins. Co.*,
 474 F. Supp. 2d 1168 (E.D. Cal. 2007), *aff'd sub nom. Walker v. Geico Gen. Ins. Co.*,
 558 F.3d 1025 (9th Cir. 2009) .................................................................................................. 5

*Williams v. Yamaha Motor Co.*,
 851 F.3d 1015 (9th Cir. 2017) ................................................................................................ 10

*Wilson v. Hewlett-Packard Co.*,
 668 F.3d 1136 (9th Cir. 2012) ............................................................................................ 9, 10

**State Cases**

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) ........................................................................................................... 5

*Prudential Home Mortg. Co. v. Superior Court*,
 66 Cal. App. 4th 1236 (1998) .................................................................................................. 5

**Statutes**

Bus. & Prof. Code § 17200 ............................................................................................................ 5

Cal. Comm. Code § 2313 ............................................................................................................... 3

Cal. Comm. Code § 2314 ............................................................................................................... 3

Cal. Comm. Code § 2316(2) ........................................................................................................ 12

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................................ 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PRELIMINARY STATEMENT AND STATEMENT OF ISSUES**

The First Amended Complaint ("FAC") attempts to transform a simple warranty dispute regarding a camera cover that supposedly "shattered spontaneously" into a sprawling consumer-fraud class action. But as explained below, Plaintiffs Timo Masalin and Lynette Pang do not plead any facts showing that Samsung Electronics America, Inc. ("Samsung") engaged in any fraudulent conduct, or that Samsung knew about the purported "defect" in the smartphones Plaintiffs' purchased. Plaintiffs do not even plead facts showing that Samsung failed to honor the written warranty provided with their devices. For these and other reasons, Plaintiffs' FAC is legally deficient, and should be dismissed.

**Plaintiffs' equitable claims under the Unfair Competition Law ("UCL") and for unjust enrichment, as well as their request for injunctive relief, should be dismissed.** Plaintiffs' UCL and unjust enrichment claims are purely equitable, and it is fundamental that equitable relief is available only where plaintiff lacks an adequate remedy at law. Plaintiffs do not (and cannot) allege facts showing they lack an adequate legal remedy, and they seek actual monetary damages based on the same facts as alleged in the UCL and unjust enrichment claims. As several courts in this District have held, Plaintiffs' UCL and unjust enrichment claims, as well as their request for injunctive relief, should be dismissed under these circumstances. *See Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014 WL 7248734, at *6 (N.D. Cal. Dec. 19, 2014); *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018).

**The UCL and Consumer Legal Remedies Act ("CLRA") claims should be dismissed because Plaintiffs do not allege specific facts regarding any purported misrepresentation or omission as required by Rule 9(b).** Plaintiffs' UCL and CLRA claims sound in fraud and therefore must satisfy Rule 9(b). But Plaintiffs do not allege specific facts regarding (i) what representations they saw or heard before purchasing their devices; (ii) who made the representations; (iii) when they saw or heard the representations; (iv) how the representations induced reliance; or (v) how the representations were deceptive. Plaintiffs' allegations are conclusory, and insufficient to state any misrepresentation or omission claim.

The UCL and CLRA claims also fail because Plaintiffs do not allege facts showing that Samsung had prior knowledge of any purported defect. A manufacturer's duty to disclose is limited and requires facts showing actual knowledge of the defect before plaintiffs' purchases. Courts are skeptical when plaintiffs attempt to rely on consumer complaints to show knowledge and require plaintiffs to show more, including an unusual number of relevant complaints. Here, Plaintiffs exclusively rely on consumer complaints, many of which involve Samsung devices they did not purchase, and Plaintiffs fail to show that the complaints were in any way unusual. Plaintiffs, therefore, have not shown prior knowledge or a duty of disclosure, and their omissions claims fail for this additional reason.

**The breach of implied warranty claims should be dismissed.** The implied warranty claims under the Commercial Code and the Song-Beverly Act should be dismissed because a cracked camera cover does not render Plaintiffs' smartphones fundamentally unfit for their ordinary purposes. The smartphones have a multitude of uses, including as a phone, music player, game console, and web browser, as Plaintiffs admit.

**The express warranty claims fail because Plaintiffs do not allege a defect of material or workmanship**. The Samsung Limited Warranty covers "defects in material and workmanship under normal use and service." But the FAC contains no facts demonstrating that Plaintiffs' smartphones had any defect of material or workmanship. Instead, the gravamen of Plaintiffs' FAC is that Samsung's smartphones suffer from a general *design* defect. As a substantive matter, there is nothing defective with the design of the smartphones, and Plaintiffs' suggestions to the contrary are false and unsupported. But, for purposes this motion, the Limited Warranty is clear that it does not cover design defects. Plaintiffs therefore have no claim for breach of express warranty.

## II. BACKGROUND

Masalin allegedly purchased a Galaxy S7 smartphone on February 26, 2017 (FAC ¶ 28), but does not allege where he purchased the device. He claims he purchased the Galaxy S7 phone because "he wanted a smartphone that would allow him to take clear and detailed photos," but he does not specifically allege that he was exposed to or relied on any advertisements or marketing regarding the camera qualities of the Galaxy S7. (*Id*. ¶ 29.) According to his FAC, Masalin noticed that the glass covering of his camera was "shattered" while it was charging on a coffee table. (*Id*. ¶ 30.) He allegedly

contacted Samsung customer support, which told him that there would be a fee for repair.  (*Id*. ¶¶ 31-34.)  He agreed to pay the amount.  (*Id*. ¶ 34.)

Pang alleges she purchased a Galaxy Note 8 smartphone on September 18, 2017, from a mobile kiosk in Redwood City, California.  (FAC ¶¶ 36, 38.)  Pang claims that she purchased the Note 8 because she thought "its camera was one of the best smartphone cameras available." (*Id*. ¶ 36.)  But like Masalin, Pang does not attach or describe any specific advertisements or representations from Samsung that she supposedly relied on.  Pang claims that the camera cover of her smartphone "spontaneously shattered" while she was at a zoo (*id.* ¶ 37), and that she contacted Samsung customer support, which advised her that there would be a fee for repair.  (*Id*. ¶¶ 39-43.) Rather than repair the device, Pang chose to replace it through an insurance plan.  (*Id*. ¶ 44.)

Based on these allegations, Plaintiffs assert claims for violation of the (i) CLRA; (ii) Song-Beverly Act (Breach of Express Warranty); (iii) Song-Beverly Act (Breach of Implied Warranty of Merchantability); (iv) Cal. Comm. Code § 2313 (Breach of Express Warranty); (v) Cal. Comm. Code § 2314 (Breach of Implied Warranty of Merchantability); and (vi) UCL; as well as (vii) unjust enrichment.  (FAC ¶¶ 65-139.)

## III.   LEGAL STANDARD

A complaint must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *4 (N.D. Cal. Dec. 4, 2017) ("The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face") (Hamilton, J.) (citation omitted).  "While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted." *Bird v. First Alert, Inc*., No. C 14-3585 PJH, 2014 WL 7248734, at *2 (N.D. Cal. Dec. 19, 2014) (Hamilton, J.) (citations omitted).  Where, as here, a plaintiff alleges claims that sound in fraud, Rule 9(b)'s heightened pleading standard applies.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . .").  This rule applies not only to claims *labeled* as "fraud" claims, but also any claim "grounded in fraud" or that "sound[s] in fraud." *Vess v. Ciba-Geigy*

3

NY 247480793v4

*Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *see also In re Menjivar*, 639 F. App'x 482, 483 (9th Cir. 2016) (same).

## IV. ARGUMENT

### A. The UCL and unjust enrichment claims, as well as Plaintiffs' request for injunctive relief, should be dismissed because Plaintiffs allege an adequate legal remedy.

The UCL provides only for equitable remedies, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) ("A UCL action is equitable in nature; damages cannot be recovered.") (citation omitted), and unjust enrichment is purely equitable. *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007), *aff'd sub nom. Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009) (explaining that unjust enrichment is "synonymous with the [equitable] remedy of restitution.") (citation omitted).  It is black-letter law that equitable relief is unavailable where the plaintiff has an adequate legal remedy.  *See Prudential Home Mortg. Co. v. Superior Court,* 66 Cal. App. 4th 1236, 1249-50 (1998) (striking plaintiff's request for equitable relief under Bus. & Prof. Code § 17200, because legal remedies under the Civil Code were adequate).

Here, Plaintiffs do not allege that they lack an adequate legal remedy, and they cannot do so considering that the FAC affirmatively seeks actual damages for several claims.  (*E.g.*, FAC ¶ 77 ("Plaintiff and the Class seek all available damages and any other just and proper relief available under the CLRA"), FAC ¶ 93 ("Plaintiffs and the Class have suffered damages"), ¶ 94 ("are entitled to damages and other legal [] relief"), ¶ 104 ("entitled to all of the damages"), ¶ 139 ("Plaintiffs and members of the Class are therefore entitled to recover or recoup damages"), Prayer for Relief at VII.D (seeking "damages").)  As several courts in this District have held, equitable relief is not available in these circumstances, and Plaintiffs' UCL and unjust enrichment claims, as well as their request for injunctive relief, should be dismissed.  *See, e.g.*, *Bird*, 2014 WL 7248734 at *6 (dismissing UCL claim where plaintiff sought damages under CLRA); *Mullins*, 2018 WL 510139, at *2 ("Accordingly, courts in the Northern District have routinely dismissed equitable claims brought under the UCL … on the

pleadings—including claims for restitution—where the plaintiff fails to establish that there is no adequate remedy at law available").[1]

### B. The CLRA and UCL claims should be dismissed because Plaintiffs provide no specific facts regarding any purported misrepresentation or omission.

Plaintiffs assert both misrepresentation and omission claims under the CLRA and UCL, and these claims must satisfy Rule 9(b). They allege that Samsung "engaged in unfair, deceptive, and/or unlawful marketing," (FAC ¶ 69) and that Samsung made "omissions and misleading statements" regarding the camera of its smartphone devices. (*Id.* at ¶ 125, ¶ 123 ("Samsung made uniform representations that the Galaxy devices were of a particular standard, quality, or grade when they were not, and that they would perform as represented when they did not, and, as set forth above, made false and/or misleading statements regarding the capacity and characteristics of the Galaxy devices that, as set forth above, were unfair or deceptive").) Because these claims sound in fraud, Plaintiffs must meet the particularity requirements of Rule 9(b). *See Burdt v. Whirlpool Corp.*, No. C 15-01563 JSW, 2015 WL 4647929, at *2 (N.D. Cal. Aug. 5, 2015) ("when a plaintiff alleges fraud, [Rule] 9(b) requires the plaintiff to state with particularity the circumstances constituting fraud . . .") (citations omitted); *Vess*, 317 F.3d at 1107 (Rule 9(b) applies to entire complaint when all asserted claims sound in fraud). Rule 9(b) requires specific *facts* showing the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Bird*, 2014 WL 7248734, at *2. As shown below, Plaintiffs' allegations fail to satisfy this standard.

Masalin alleges that he purchased a Galaxy S7 because he wanted to be able to take clear and detailed photos, but noticed the glass covering on the camera was shattered after the device was charging overnight on a coffee table. (FAC ¶¶ 28, 30.) Pang alleges that she purchased a Note 8 because she wanted a good camera, but noticed that the camera cover "spontaneously shattered" while

---

[1] *See also Huu Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 WL 1330602, at *5 (N.D. Cal. Apr. 11, 2017) (dismissing UCL claim because plaintiff alleged adequate damages remedy under CLRA and Song-Beverly Act); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1204 (N.D. Cal. 2017) (dismissing UCL claim: "In light of the numerous legal authorities stated above, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims for equitable relief"); *Moss v. Infinity Ins. Co.*, 197 F.Supp.3d 1191, 1203 (N.D. Cal. 2016) (dismissing UCL claim where plaintiff had an adequate remedy at law in her other claims, including a breach of contract claim).

visiting a zoo. (*Id.* at ¶¶ 36, 37.) The FAC also alleges, in generic fashion, that Samsung "made uniform representations that the devices were of a particular standard, quality or grade when they were not" and that Samsung made various statements about camera functionality in press releases and on its website. (*Id.* ¶¶ 19-26, 123.) These vague allegations do not satisfy Rule 9(b).

But Plaintiffs do not allege that they saw or heard *any* specific misrepresentation before their purchases. They do not allege the *content* of any misrepresentation they relied on (what was the "standard" "quality" or "grade" represented?), *who* made any alleged misrepresentation, *how* the alleged misrepresentations were communicated (orally, in writing, in a store, online?), or *how* the alleged misrepresentations were deceptive when made. Rule 9(b) requires Plaintiffs to plead these facts. And without them, the claims of deception are conclusory and insufficient. *See Davidson v. Apple, Inc.,* No. 16-CV-04942-LHK, 2017 WL 976048, at *8 (N.D. Cal. Mar. 14, 2017) ("Plaintiffs' SACC is devoid of allegations that Plaintiffs were exposed to any representation, statement, advertisement, or even packaging prior to purchasing an iPhone 6 or 6 Plus. In the absence of any allegations that Plaintiffs encountered a representation made by Defendant—let alone what those representations were, when they were made, and why they were false—Plaintiffs have failed to plead with particularity any affirmative misrepresentation claim."); *Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *9 (N.D. Cal. Oct. 12, 2015) (dismissing claims under Rule 9b because plaintiffs "fail[ed] to clarify . . . where the statements were found, and how Plaintiffs were actually misled").[2]

The FAC also references press releases issued in February and March 2016 for the Galaxy S7, and in April 2017 for the Note 8, as well as webpages for these devices, where Samsung supposedly "touted the devices' camera quality" and "likened the camera [] devices to a professional camera." (FAC ¶¶ 19, 20, 24.) But no facts are alleged showing how, when, or where the individual Plaintiffs

---

[2] *See also Park v. Welch Foods, Inc.*, No. 5:12-CV-06449-PSG, 2013 WL 5405318, at *5 (N.D. Cal. Sept. 26, 2013) ("[T]he SAC also does not clearly indicate the content of the labels upon which Plaintiffs' allegedly relied . . . [thus] Plaintiffs have not supported their allegations with even a minimal degree of factual specificity."); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1078 (E.D. Cal. 2010) (dismissing claims arising out of deceptive advertising to the extent they were based on "advertisements and marketing" that was "not submitted" to the court in the complaint); *Oens v. HSBC Bank*, Case No. CV 12-06005 MMM (AGRx), 2012 WL 12887753, at *5 (C.D. Cal. Oct. 16, 2012) (dismissing claims sounding in fraud for failure to allege with the "time, place, and specific content" of any specific misrepresentation).

were exposed to these statements, much less that they relied on them in their purchasing decisions or that they were misleading when made. *See Davidson*, 2017 WL 976048, at *8 ("Significantly, Plaintiffs do not allege that any of the named Plaintiffs were exposed to the September 25, 2014 statement prior to purchasing an iPhone 6 or 6 Plus.")  These allegations are insufficient, and Plaintiffs' misrepresentation claims under the CLRA and UCL should be dismissed.

Plaintiffs' omissions theory fares no better.  It is not sufficient to allege fraudulent omissions generally.  *Davidson*, 2017 WL 976048, at * 10 ("Plaintiffs' allegations are too vague to provide Defendants with the 'who, what, when, and where' of the allegedly fraudulent omissions, as required by Rule 9(b).") (citation omitted).[3]  Rather, Plaintiffs must allege exactly what information they were exposed to, including when they saw it, and how it was communicated.  *See Bird*, 2014 WL 7248734, at *6 ("[T]o plead the circumstances of [the] omission with specificity, plaintiff must describe the content of the omission . . . where the omitted information should or could have been revealed . . . [and] provide representative samples of advertisements . . . that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information.") (quotations omitted).  Again, Plaintiffs do not allege what information they saw, or when and how they saw it, and thus fail to meet Rule 9(b)'s specificity requirement.  (*See generally* FAC ¶¶ 28-44.)

### C. The omission claims also should be dismissed because Plaintiffs do not allege facts showing that Samsung was aware of the allege defect at the time of purchase.

In *Wilson v. Hewlett-Packard Co.*, the Ninth Circuit held that, to state an omissions claim based on an alleged product defect, plaintiffs must allege facts showing that a defendant was aware of the defect at the time of sale. 668 F.3d 1136, 1145 (9th Cir. 2012).  "[T]o successfully allege a manufacturer was aware of a defect, a plaintiff is typically required to allege how the defendant obtained knowledge of the specific defect prior the plaintiff's purchase of the defective product." *Stewart v. Electrolux Home Prod., Inc.*, No. 117CV01213LJOSKO, 2018 WL 1784273, at *8 (E.D. Cal. Apr. 13, 2018). "[A]llegations of the defendant's knowledge cannot be conclusory or speculative." *Id.*; *see also Kent v.*

---

[3] *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (dismissing fraudulent omission claim under Rule 9(b) where the plaintiffs' "claims of nondisclosure were couched in general pleadings alleging Ford's intent to conceal from consumers that [Certified Pre-Owned vehicles] were essentially the same as ordinary used vehicles.").

*Hewlett–Packard Co.*, No. 09–5341 JF, 2010 WL 2681767, at *10 (N.D. Cal. July 6, 2010) ("Plaintiffs have not alleged with specificity any other facts that could support a claim that HP knew the computers in suit were defective at the time of sale or that HP actively concealed a defect at the time of sale.").

The FAC provides conclusory allegations that Samsung "knew" of the camera defect. (*E.g.*, FAC ¶¶ 71, 125.) But these allegations are akin to the bare (and ultimately dismissed) allegations in *Wilson*. 668 F. 3d at 1145 ("Plaintiffs' allegations that HP . . . was on notice . . . make a generalized assertion that the Laptops' alleged inadequate Design . . . put HP on notice . . . but reference neither the specific defect alleged in the complaint nor HP's knowledge of that defect.") (internal quotations omitted); *see also Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *4 (N.D. Cal. Oct. 13, 2009) ("Nor can Plaintiffs establish a duty by pleading, in purely conclusory fashion, that Defendants were in a 'superior position to know the truth about the Machines' and 'actively concealed' the defect.") (citation omitted).

Plaintiffs also allege that Samsung had knowledge of a defect based on complaints posted by anonymous third-parties on a Samsung community forum. (*See* FAC ¶¶ 46-51.) But these roughly 150 consumer complaints and comments do not show knowledge of a defect.[4] As the Ninth Circuit has acknowledged, courts "have expressed doubts that customer complaints in and of themselves adequately support an inference that a manufacturer was aware of a defect," because complaints "merely establish the fact that some consumers were complaining," which is not the same as knowledge of a defect. *Wilson*, 668 F.3d at 1148. Following *Wilson*, courts have insisted on an *unusual* number of consumer complaints regarding a defect, before allowing an omissions claim to survive a motion to dismiss. *See, e.g., Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) ("the Ninth Circuit has held that consumer complaints suffice to establish knowledge only where there were an unusual number of complaints, such that the manufacturer would be on notice of a specific problem.") (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026 (9th Cir. 2017)); *Stewart*, 2018 WL 1784273, at *9 (complaints were not "so widespread that Electrolux had to have known" of oven

---

[4] Plaintiffs also cannot rely on a 2016 response from a Samsung community board moderator to infer knowledge because (1) this response relates to Galaxy S7 Edge—which is a phone neither Plaintiff purchased—and (2) the community board moderator stated that these consumer issues were "isolated occurences[s]". (*See* FAC ¶ 47 (moderator stating that the S7 Edge complaints derived from isolated incidents).)

defect); *Baba v. Hewlett–Packard Co.*, No. 09–cv–5946–RS, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints, however, does not establish knowledge of an alleged defect.").[5]

Plaintiffs have not shown an unusual number of complaints.  To the contrary, Plaintiffs allege that Samsung sold 74.1 million smartphone units in 2017 (FAC ¶ 4), but provide roughly 150 total complaints across all smartphones (in Exhibits A and B to the FAC), which accounts for a complaint in approximately 0.0002 percent of total sales.  Plaintiffs offer nothing showing that this tiny fraction is unusual or represents anything more than isolated instances of consumers having individual problems with their cameras.  *See Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *15 (C.D. Cal. Apr. 13, 2017) ("these complaints merely establish that several customers had issues with their specific vehicles").  Furthermore, most of these complaints relate to devices that Pang and Masalin did not purchase (like the S7 Edge), and many post-date their purchases or have no date at all, making them irrelevant.  *See In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *3 (N.D. Cal. Mar. 30, 2018) ("Plaintiffs fail to sufficiently allege that Samsung had knowledge of the defect at the time of sale to Plaintiffs.  Plaintiffs rely on a scattered series of online reports, but many of those reports post-date individual Plaintiff's purchases, concern phones other than those at issue here, or involve overheating of phone chargers.")[6]

---

[5] *See also Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, 2016 WL 4729302, at *13 (N.D. Cal. Sept. 12, 2016) (dismissing CLRA claim for lack of knowledge, and explaining allegations of consumer complaints must "typically be supported by an additional basis for defendant's knowledge" to support inference of knowledge); *Punian v. Gillette Co.*, Case No. 14–CV–05028–LHK, 2015 WL 4967535, at *10-11 (N.D. Cal. Aug. 20, 2015) (dismissing complaint because "Plaintiff's sole allegation regarding Defendants' knowledge of a defect is that consumers filed 'numerous complaints' with Defendants"); *Rice v. Sunbeam*, No. CV 12-7923-CAS-(AJWx), 2013 WL 146270, at *8 (C.D. Cal. Jan. 7, 2013) (finding allegations that defendant had previously demanded that consumers return their defective products, had received unspecified customer service/warranty service call center records for returns and/or complaints, and "numerous individual letters and communications sent by members of the Class" insufficient to allege knowledge under the CLRA).

[6] Many of the complaints do not relate to the product purchased by Masalin.  (*See* FAC ¶¶ 46-51.)  Masalin alleges he purchased a Galaxy S7.  (FAC ¶ 28.)  But many of the message board entries captured in Exhibit B to the FAC appear in threads referring to the "s7 edge." (*See generally*, FAC Exh. B.)

Similarly, Pang allegedly purchased a Galaxy Note 8 (FAC ¶ 36), but many of the purported complaints refer to a different phone, the Galaxy S8.  (*See generally*, FAC Ex. C.)  In addition, some of the

Plaintiffs' omissions claim also requires "more than facts showing that the defendant knew of the alleged defect and did nothing to fix it or alert customers." *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *16 (N.D. Cal. Mar. 15, 2016) (internal quotation marks omitted). Plaintiffs must allege that Samsung either (1) was in a "fiduciary relationship" with them; (2) had "exclusive knowledge" of the purported defect; (3) "actively conceal[ed]" the defect from Plaintiffs; or (4) made "partial representations but also suppresse[d] some material fact." *Id.* at *9 (internal quotation marks omitted). Samsung plainly was in no fiduciary relationship with Plaintiffs. And Plaintiffs cannot plausibly claim that Samsung had "exclusive knowledge" of the alleged defect, given their allegation that the complaints on public websites revealed the alleged defect. *See Harris v. R.J. Reynolds Vapor Co.*, 2017 WL 3617061, at *2 (N.D. Cal. Aug. 23, 2017) (public reports cited in complaint defeated claim of exclusive knowledge); *Andren v. Alere, Inc.*, 207 F. Supp. 3d 1133, 1143 (S.D. Cal. 2016) (same). Plaintiffs also do not plead facts showing active concealment. The FAC does not allege any "affirmative acts on the part of [Samsung] in hiding, concealing or covering up" the alleged defects in their phones prior to Plaintiffs' purchases. *Punian*, 2016 WL 1029607, at *16 (internal quotation marks omitted).

Plaintiffs also fail to show any partial representations or suppression of material facts. They refer to Samsung press releases and website statements regarding the camera (FAC ¶¶ 19, 20, 24), but Plaintiffs do not allege that they ever saw or relied on these statements. *See Davidson*, 2017 WL 976048, at *10 ("Plaintiffs here do not allege that they reviewed or were exposed to any information, advertisements, labeling, or packaging by Defendant"). In addition, these statements are not actionable because they are unrelated to the risk of a camera cover "spontaneously shattering," and thus cannot support a claim that Samsung intentionally "withheld . . . qualifying information" about any risks. *Punian*, 2016 WL 1029607, at *10 n.4.

---

purported complaints post-date Pang's purchase of her Note 8 smartphone in September 2017. These complaints cannot support an inference of knowledge *at the time of sale*. *See Wilson*, F.3d at 1148.

10

**D.      The implied warranty claims fail because Plaintiffs cannot allege that their devices were not reasonably fit for ordinary use.**

Plaintiffs' implied warranty claims under the Commercial Code and under the Song-Beverly Act also fail because they do not allege facts showing a breach. The implied warranty of merchantability only affirms that goods are reasonably fit for ordinary use. *Minkler*, 65 F. Supp. 3d at 819; *see also Resnick*, 2017 WL 1531192, at *12 ("Under the Song–Beverly Act, the implied warranty of merchantability requires only that a [product] be reasonably suited for ordinary use") (citations omitted). It does not "impose a general requirement that goods precisely fulfill the expectations of the buyer. Instead, it provides for a minimum level of quality." *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013). Thus, to state a claim, Plaintiffs must "allege a fundamental defect that renders the product unfit for its ordinary purpose." *Minkler*, 65 F. Supp. 3d at 819; *see also Tietsworth v. Sears,* 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010) (same). As one court put it, Plaintiffs must show that their smartphones "did not possess even the most basic degree of fitness for ordinary use." *Viggiano*, 944 F. Supp. 2d at 896.

Plaintiffs do not (and cannot) plausibly allege that their phones lack the most basic degree of fitness for ordinary use. To the contrary, as Plaintiffs admit, smartphones have a multitude of uses, including text messaging, emailing, making and receiving phone calls, playing music, or serving as a game console or browsing the web. (FAC ¶¶ 5-6.) Plaintiffs do not allege that their devices could not be used for these other purposes, and therefore they cannot state an implied warranty claim. *See Minkler*, 65 F. Supp. 3d at 819 (dismissing implied warranty claims predicated on software defect in navigation application: "The iPhone 5 has a multitude of uses (including a phone, music player, game console, and web browser), and while Plaintiff claims to have used Apple Maps, Plaintiff never alleges that she used the iPhone solely for navigation"); *see also In re iPhone 4S Consumer Litig.,* No. C 12-1127 CW, 2013 WL 3829653, at *16 (N.D. Cal. July 23, 2013) (dismissing claims for breach of implied warranty based on defect with "Siri intelligent assistant feature"; "The iPhone's intended and ordinary use is as a smartphone, which the court safely presumes includes functions like making and receiving

calls, sending and receiving text messages, or allowing the use of mobile applications… Plaintiffs have not alleged that the iPhone 4S is deficient in any of these functions").[7]

### E. The express warranty claims fail because Plaintiffs do not allege a defect of material or workmanship.

Plaintiffs' express warranty claims (under both the California Commercial Code and the Song-Beverly Act) fail, because Plaintiffs do not allege a breach of express warranty.

It is blackletter law that a manufacturer's liability for breach of express warranty "derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525-26 (1992). Plaintiffs acknowledge that Samsung's warranty only covers "defects *in material and workmanship* under normal use and service." (FAC ¶¶ 54, 86) (emphasis added). Defects in material and workmanship occur when a particular unit fails to conform to the standard model for that product. *See Clark v. LG Elecs. U.S.A., Inc.*, No. 13-CV-485 JM JMA, 2013 WL 5816410, at *7 (S.D. Cal. Oct. 29, 2013) (distinguishing defects in workmanship from defects in design); *Bros. v. Hewlett-Packard Co.*, No. C-06-02254RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) (explaining that defect in material and workmanship occurs when product is not manufactured in accordance with intended specifications). Express warranties covering materials and workmanship *do not* include design defects. *Id.*; *see also Horvath v. LG Electronics Mobilecomm U.S.A, Inc.*, No. 3:11-CV-01576, 2012 WL 2861160, at *4 (S.D. Cal. Feb. 13, 2012) ("An express warranty covering 'materials and workmanship' does not include design defects").

Although Plaintiffs use the words "material and workmanship" in the FAC, the crux of the allegations is that their smartphones suffer from a design defect, which is not covered by the express

---

[7] *See also Burdt v. Whirlpool Corp.*, No. C 15-01563 JSW, 2015 WL 4647929, at *1 (N.D. Cal. Aug. 5, 2015) (dismissing Song-Beverly implied warranty claim, based on allegations that oven roll-out racks were defective: "even if the oven's roll-out rack does not operate as promised, the product does not breach the implied warranty of merchantability on that basis alone."); *accord Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361 PJH, 2014 WL 989742, at *8 (N.D. Cal. Mar. 11, 2014) (dismissing breach of implied warranty claim; allegations that washing machine vibrates, makes excessive noise, and does not wring out clothes, did not establish that machine was not sufficient for its "ordinary" use—washing laundry); *accord Semeran v. Blackberry Corp.*, No. CV 15-750, 2016 WL 3647966, at *5 (D.N.J. July 6, 2016), *dismissed*, No. 16-3318, 2017 WL 3466880 (3d Cir. Jan. 31, 2017) (alleged defect in smartphone's data merging feature did not give rise to implied warranty claim: "the ability to merge or sync contacts does not go to the core function of a smartphone.").

warranty. *See Troup v. Toyota Motor Corp.*, 545 F. App'x 668 (9th Cir. 2013) ("The district court properly dismissed the Troups' claim predicated on breach of an express warranty. . . . Despite its scattered references to 'materials', the gravamen of the complaint is that the Prius's defect resulted from the use of resin to construct the gas tanks, which is a design decision."). Plaintiffs allege that the purported camera defect is "common and known," that Samsung has "received countless customer complaints about this issue," that its "subsequent generation of Galaxy devices" "[all] have the same problem," and that the "spontaneously shattering camera covers on Plaintiffs' devices are not unique to them." (FAC ¶ 1, 22, 44.) Plaintiffs never allege any facts demonstrating *their particular smartphones* departed from the standard specifications, or that they were assembled in a deficient or otherwise defective manner. Indeed, Plaintiffs effectively concede that they are alleging a design flaw in paragraph 123, where they allege that "Samsung marketed and sold Galaxy smartphones with a design flaw …." (FAC ¶ 123.)

Thus, because Plaintiffs are alleging a design defect and not a defect in materials or workmanship, their express warranty claims should be dismissed. *See Clark*, 2013 WL 5816410, at *8 (dismissing breach of express warranty claims where warranty covered materials and workmanship: "she has not provided any allegations suggesting that the materials used were defective or because the materials were assembled in a shoddy or otherwise improper manner."); *Davidson*, 2017 WL 3149305, at *20 (same).

## V. CONCLUSION

Plaintiffs allege no specific facts regarding any misrepresentation or omission as required by Rule 9(b), and no facts establishing that Samsung had prior knowledge of any purported defect. Plaintiffs also do not allege facts showing any breach of the express or implied warranties. Therefore, as explained above, Samsung's Motion should be granted, and the FAC should be dismissed.

DATED: July 9, 2018                         Respectfully submitted,

                                            GREENBERG TRAURIG, LLP

                                            By:   /s/ *Robert J. Herrington*
                                                  Robert J. Herrington

1
2                      Benjamin Kurtz
                     Attorneys for Defendant
                     SAMSUNG ELECTRONICS AMERICA, INC.

14

MOTION TO DISMISS
Case No. 4:18-cv-01882-PJH

NY 247480793v4