United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE PANG, et al.,<br>　　　Plaintiffs,<br>　　v.<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>　　　Defendant. | Case No. 18-cv-01882-PJH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. Nos. 31, 32 |

　　　　Defendant Samsung Electronics America, Inc.'s ("Samsung") motion to dismiss the First Amended Complaint (the "FAC") and motion to strike class allegations came on for hearing before this court on September 12, 2018. Plaintiffs Lynette Pang and Timo Masalin appeared through their counsel, Michael Woerner and Mathew Gerend. Defendant appeared through its counsel, Robert Herrington. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motions, for the reasons stated at the hearing and as briefly summarized below.

　　　　The gist of plaintiffs' allegations is that Samsung misled consumers by touting the performance of the rear-camera on several models of its Galaxy branded smartphone devices when in fact the camera suffered from a serious defect. Specifically, plaintiffs allege that the glass covering the rear camera lens "spontaneously shatters," rendering the rear-camera unusable. FAC ¶¶ 8-9, 27. Plaintiffs allege that despite knowing about this defect and knowing that the quality of a smartphone's camera could drive a consumer's purchasing decision, Samsung's advertising campaign, including press

1 releases and its website, id. ¶¶ 5-11, 45-52, represented the Galaxy smartphones as
2 "professional-grade" and capable of taking "crisp and vivid" photos. Id. ¶¶ 19-27.
3 Plaintiffs further allege that though the alleged defect would manifest within one year—
4 the length of Samsung's limited warranty—Samsung falsely represented that the alleged
5 defect was not covered by the warranty and, accordingly, required consumers to pay for
6 any repair. Id. ¶¶ 53-56.

7 Based on these allegations, plaintiffs seek to represent a class of "All persons and
8 entities in the State of California who purchased or leased a Samsung Galaxy S7, Galaxy
9 S7 Edge, Galaxy S7 Active, Galaxy S8, or Galaxy Note 8." FAC ¶ 57. On behalf of that
10 class, plaintiffs assert causes of action for: (i) violation of the Consumers Legal Remedy
11 Act, Cal. Civ. Code §§ 1750, et seq. (the "CLRA"); (ii) Breach of Express Warranty under
12 the Song-Beverly Act, Cal. Civ. Code § 1790 et seq.; (iii) Breach of Implied Warranty of
13 Merchantability under the Song-Beverly Act, Cal. Civ. Code § 1790 et seq.; (iv) Breach of
14 Express Warranty under Cal. Comm. Code § 2313; (v) Breach of Implied Warranty under
15 Cal. Comm. Code § 2314; (vi) Violations of California's Unfair Competition Law, Cal. Bus.
16 & Prof. Code §§ 17200, et seq. (the "UCL"); and (vii) Unjust Enrichment under California
17 common law.

18 A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims
19 alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).
20 Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8,
21 which requires that a complaint include a "short and plain statement of the claim showing
22 that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be
23 dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or
24 has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple,
25 Inc., 729 F.3d 953, 959 (9th Cir. 2013). Further, the Ninth Circuit has "specifically ruled
26 that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA
27 and UCL" because they sound in fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-
28

1  26 (9th Cir. 2009) (fraud requires a misrepresentation, knowledge, intent to
2  defraud/induce reliance, justifiable reliance, and damages).

3  As stated at the hearing, the court finds that plaintiffs have pled facts sufficient to survive defendant's motion to dismiss. "By identifying a clear common message in the advertising campaign and identifying numerous examples that repeat this message, plaintiffs have adequately notified defendants of the who, what, when, where and how of the misconduct charged." In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Practices Litig., No. ML 12-2317 CAS JEMx, 2012 WL 6062047, at *15 (C.D. Cal. Dec. 3, 2012). Further, the FAC adequately alleges that the named plaintiffs relied on that advertising campaign when purchasing their devices. Compare FAC ¶ 19-20 (press release) to FAC ¶ 29 (Masalin purchased her phone because he believed the smartphone's "Dual Pixel Sensor technology" would allow "him to take clear and detailed photos"); compare FAC ¶ 25 (press release) to FAC ¶ 36 (Pang purchased her phone because of "the camera functionality" and its ability to take "professional-quality photographs").

For the reasons stated at the hearing, the court also finds that plaintiffs have adequately alleged implied and express warranty claims under the Song-Beverly Act and Cal. Comm. Code § 2313 & § 2314.

Accordingly, the court DENIES defendant's motion to dismiss in its entirety.

Defendant also filed a motion to strike the FAC's class allegations. As noted above, plaintiffs seek to represent a class of "All persons and entities in the State of California who purchased or leased a Samsung Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, Galaxy S8, or Galaxy Note 8." FAC ¶ 57. Defendant's motion to strike is premised on two undisputed facts. First, the challenged Galaxy smartphones were accompanied by "Terms and Conditions," which, inter alia, included an arbitration clause. Second, both named plaintiffs timely and successfully opted-out of the arbitration agreement. See Dkt. 31-1, Ex. C (Masalin's opt-out email), Ex. D (Pang's opt-out email). Thus, according to Samsung, because the named plaintiffs are not subject to the

arbitration agreement, they cannot represent putative class members who are subject to the arbitration agreement and, accordingly, the court should strike the FAC's class allegations. Samsung also submitted evidence that the vast majority of putative class members have not opted out of the arbitration agreement. See Dkt. 39-1.

As indicated at the hearing, the court has serious concerns about the scope of plaintiffs' proposed class because in contrast to a majority of the putative class members, the named plaintiffs are not subject to an arbitration agreement. However, the court does not believe that defendant's motion to strike—supported by external evidence—is the appropriate vehicle for resolving those concerns. As Samsung admitted during the hearing on this motion, Samsung does not seek to strike the FAC's class allegations in their entirety. Indeed, Samsung candidly recognized that the named plaintiffs may be appropriate representatives for a class consisting of purchasers that, like the named plaintiffs, opted out of the arbitration agreement. Samsung's motion to strike therefore does not seek to strike class allegations, so much as limit the scope of the proposed class or amend the class definition. That request falls outside the purview of a Rule 12(f) motion. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Accordingly, the court DENIES defendant's motion to strike.

That said, the court does believe that Samsung's challenge to the scope of plaintiffs' proposed class should be resolved before class-wide merits discovery begins. After reconsidering the most efficient way to proceed, the court VACATES the previous deadlines in favor of the below schedule.

Within 30 days of this order, plaintiffs may file a motion for leave to amend the FAC in order to add a named plaintiff that has not opted out of the arbitration provision that accompanied his or her Galaxy smartphone purchase. If plaintiffs file that motion, plaintiffs' proposed amended complaint should appropriately delineate between putative class members who are or are not subject to a potentially enforceable arbitration agreement.

If plaintiffs fail to file a motion for leave to amend within 30 days, Samsung may file a motion to deny class certification—a motion that Samsung believes the Ninth Circuit approved of in Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 941 (9th Cir. 2009). Samsung must file its Vinole motion within 90 days of this order, i.e., 60 days after plaintiffs' motion for leave to amend would have been due.

However, if plaintiffs' motion for leave to amend is granted, then, as Samsung indicated, the appropriate next step would likely be a motion to compel, which would obviate the need for defendant's proposed Vinole motion.

The court reiterates that though discovery is open, it is limited to topics relevant to defendant's proposed Vinole motion.

**IT IS SO ORDERED.**

Dated: September 19, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge