Michael D. Woerner (admitted pro hac vice)
Matthew M. Gerend (admitted pro hac vice)
Alison S. Gaffney (admitted pro hac vice)
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Suite 3200
Seattle, WA 98101
(206) 623-1900, Fax (206) 623-3384

Jeffrey Lewis (SBN 66587)
**KELLER ROHRBACK L.L.P.**
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 463-3900, Fax (510) 463-3901
jlewis@kellerrohrback.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| LYNETTE PANG, TIMO MASALIN, AND CINDY SEMINATORE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendant. | CASE NO. 4:18-cv-01882-PJH <br><br> Hon. Phyllis J. Hamilton <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Lynette Pang, Timo Masalin, and Cindy Seminatore, individually and on behalf of all others similarly situated, file this Second Amended Class Action Complaint against Samsung Electronics America, Inc. ("Defendant" or "Samsung"), and allege as follows based on their personal knowledge, the investigation of their counsel, and information and belief.

## I.    INTRODUCTION

1.      Plaintiffs purchased smartphone devices from Samsung, only to have the covers over the rear cameras spontaneously shatter within a few weeks of purchase. This defect is common and known to Samsung, as Samsung has received countless complaints about it. But Samsung continues to hide this defect from consumers and has refused to repair it even when covered under its warranty. Plaintiffs and

other consumers like them have been left with devices on which the camera—a integral part of a smartphone's functionality—is unusable.

2. The majority of American adults who own a cell phone now own a smartphone, a mobile phone with advanced computing capabilities and a camera. Since becoming commercially available in the mid-1990s, smartphones have become a fact of everyday life. The average American consumer now spends five hours a day using his smartphone.[1] People rely on their smartphones to do numerous activities such as making phone calls, taking and sharing pictures, and accessing the Internet.

3. Revenue from smartphone sales in the United States alone in 2016 was over $55 billion and is estimated to reach nearly $63 billion in 2018, as the number of Americans owning a smartphone climbs to an estimated 220 million this year—up from 145 million in 2013.[2] Globally, smartphone revenues amounted to nearly $480 billion in 2017.[3] These devices represent significant investments for many consumers. The most expensive smartphone, the Apple iPhone X, is priced at $1,149 for the 256 GB version, and Samsung's Galaxy Note 8 and Galaxy S8 Plus are not far behind, at $930 and $825, respectively.[4]

4. Competition for a share of the smartphone market is fierce, particularly between Apple and Samsung. Overall in 2017, Samsung held onto the largest share of the global smartphone market, with 21.9 percent of the market compared to 15.2 percent for Apple's iPhone.[5] But Apple outsold Samsung in the fourth quarter of 2017, shipping 77.3 million units compared to Samsung's 74.1 million

---

[1] Simon Khalaf and Lali Kesiraju, *U.S. Consumers Time-Spent on Mobile Crosses 5 Hours a Day,* Flurry Analytics Blog (Mar. 2, 2017), http://flurrymobile.tumblr.com/post/157921590345/us-consumers-time-spent-on-mobile-crosses-5

[2] Statista, *Smartphone Sales in the United States from 2005 to 2018,* https://www.statista.com/statistics/191985/sales-of-smartphones-in-the-us-since-2005/ (last visited Mar. 26, 2018).

[3] Statista, *Global revenue from smartphone sales from 2013 to 2017,* https://www.statista.com/statistics/237505/global-revenue-from-smartphones-since-2008/ (last visited Mar. 26, 2018.

[4] Jim Probasco, Investopedia (Oct. 17, 2017, 6:00 AM), https://www.investopedia.com/managing-wealth/most-expensive-cell-phones/

[5] Don Reisinger, *Apple Trails Samsung in Smartphone Market-And Won't Catch Up in 2018,* Fortune (Feb. 13, 2018), http://fortune.com/2018/02/13/apple-iphone-samsung-market-share/.

2

SECOND AMENDED CLASS
ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

units,[6] and Apple's fourth quarter revenues were 51 percent of the global revenue share—in other words, more than the rest of the industry combined.[7] Constantly trying to gain an edge in this highly competitive market, companies such as Samsung and Apple have historically released a "new and improved" flagship smartphone in their respective product lines every year. Smartphone companies continually race to develop innovative features to entice customers, such as higher quality cameras, faster processors, increased storage capacity, and waterproofing.

5. In particular, a smartphone's function as a camera is vital to consumers. Samsung recognizes this. The following chart is from a slideshow created by Samsung's marketing department and based on data from a study conducted by the Pew Research Center. As the chart below shows, 92 percent of smartphone users worldwide use their devices for taking photos, and 80 percent for sending photos.[8]



[6] IDC, *Apple Passes Samsung to Capture the Top Position in the Worldwide Smartphone Market . . . .* (Feb. 1, 2018), https://www.idc.com/getdoc.jsp?containerId=prUS43548018.

[7] Donna Fuscaldo, *Apple's World Smartphone Market Share Above 50%*, Investopedia (Feb. 16, 2018, 11:06 AM EST), https://www.investopedia.com/news/apple-global-smartphone-market-share-more-50-first-time/.

[8] Michael Zhang, *The Importance of Cameras in the Smartphone War,* PetaPixel (Feb. 12, 2015), https://petapixel.com/2015/02/12/importance-cameras-smartphone-war/.

6. Samsung also recognizes that camera quality is a critical distinguishing feature in the highly competitive smartphone marketplace. As stated in the following chart, also prepared by Samsung, "The camera is key to mobile device buying decision."[9]



7. In 2015, Samsung surveyed its customers about the most important feature in a mobile device. The camera was one of the top three features. As Samsung wrote, "In this age of instant photos and dynamic selfies, many also cited the camera as one of the most important features."[10] According to Samsung, it "has been proactive in developing first-class cameras that deliver sharper photos."[11]

8. But the cameras in Samsung's Galaxy devices have a serious problem. Without any external force applied, the glass covering the rear camera lens shatters, in a telltale circular pattern as if it had been shot out by a BB gun. The shattered cover renders the camera unusable.

9. Despite receiving numerous customer complaints describing this issue in its S7 series, Samsung has consistently denied responsibility, instead blaming its customers and refusing to repair or refund the devices. Samsung has also failed to disclose the risk of this defect to the public.

---

[9] *Id.*

[10] Samsung, *The most important feature in a mobile device* (Sept. 29, 2015),
http://www.samsung.com/ae/discover/your-feed/the-most-important-feature-in-a-mobile-device/.
[11] *Id.*

10. Moreover, Samsung released a new generation of its devices—S8 and Note 8—without fixing the defect: the same spontaneous camera lens shattering is happening to the S8 and Note 8 devices. And again, Samsung did not disclose this defect to consumers, and when its customers report the shattered lens to Samsung, it refuses to cover the needed repair under warranty, insisting that the shattered lens was caused by physical damage.

11. As a result of Samsung's actions, Plaintiffs and the Class have suffered injury in fact and incurred fees and costs associated with the Galaxy S7, S7 Edge, S7 Active, S8, S8+, and Note 8 ("Galaxy series" or "Galaxy devices"). A smartphone without a usable camera is a device with only partial functionality, and without a repair or a refund from Samsung, consumers are left with limited options. To replace one of these devices at retail price costs several hundred dollars—as much as $930 for the Note 8—while replacing the device through insurance, if the consumer insured his or her device, requires paying a deductible that may be between $175 and $250.

## II. PARTIES

12. Plaintiff Lynette Pang is a citizen of the State of California and a resident of San Mateo County.

13. Plaintiff Timo Masalin is a citizen of the State of California and a resident of San Diego County.

14. Plaintiff Cindy Seminatore is a citizen of the State of California and a resident of Santa Clara County.

15. Defendant Samsung Electronics America, Inc. is a corporation existing under the laws of the State of New York and is headquartered at 85 Challenger Rd., Ridgefield Park, New Jersey 07660. Defendant Samsung Electronics America, Inc. regularly conducts business throughout the State of California. In fact, Samsung subsidiaries and affiliates occupy a large presence in California. Samsung Research America is located in Silicon Valley (in Mountain View, California), with offices in Southern California. Samsung Semiconductor, Inc., a multi-billion-dollar subsidiary of Samsung Electronics, Ltd., is based in San Jose, California.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

16.     In 2015, Samsung formally opened its new Device Solutions America headquarters in San Jose, encompassing 1.1 million square feet of office space and housing approximately 700 employees.[12]  The Device Solutions division has been located in Silicon Valley since 1983.

## III.     JURISDICTION AND VENUE

17.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Plaintiffs reside in California, and Defendant maintains its headquarters in New Jersey.  This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiffs and every Class member, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class members reside in California and are therefore diverse from Defendant.

18.     This Court has personal jurisdiction over Defendant because Defendant has significant minimum contact with this State, and intentionally availed itself of the laws of California by transacting a substantial amount of business throughout the State and this District.

19.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims alleged in this Complaint took place within this District.

## IV.     FACTUAL BACKGROUND

### A.     Samsung Advertises Its Galaxy Devices As Having Superior, Professional-Grade Cameras.

20.     When Samsung introduced its Galaxy S7 and Galaxy S7 Edge on February 21, 2016, its press release touted the devices' camera quality:

**Advanced Camera: High Quality Images No Matter Time of Day or Location**

 The Samsung Galaxy S7 and Galaxy S7 edge are built with advanced smartphone cameras.  The main, rear camera sensor captures 95 percent more light through a wider aperture and larger pixels to deliver brighter and sharper images, even in low light. With the first ever Dual Pixel sensor in a smartphone camera, the Galaxy S7 and Galaxy S7

---

[12] Samsung Newsroom, *Samsung Electronics Strengthens Its Presence in Silicon Valley with Opening of New Headquarters for U.S. Semiconductor Operations* (Sept. 24, 2015), https://news.samsung.com/us/samsung-electronics-strengthens-its-presence-in-silicon-valley-with-opening-of-new-headquarters-for-u-s-semiconductor-operations/.

edge autofocus on an image quicker and more accurately than other leading smartphones, allowing you capture moments even in dim light.[13]

21.     In fact, Samsung likened the camera on its S7 devices to a professional camera: Each and every one of the pixels on the image sensor has two photodiodes instead of one, meaning the professional-grade Dual Pixel Sensor can focus as quickly and as accurately as you would with your own eyes.[14]

22.     As consumers discovered, however, the cameras in the Samsung S7 devices have a serious defect.  The cover for the rear camera shatters spontaneously, without any external impact, which renders the camera unusable.

23.     Although Samsung received countless customer complaints about this issue, it did not address them in any meaningful way, and its subsequent generation of Galaxy devices—the S8, S8+, and Note 8—have the same problem.

24.     Samsung released the Galaxy S8 and S8+ in the United States on April 21, 2017, adding the S8 Active in August 2017.  Samsung released the Galaxy Note 8 in the United States on September 15, 2017.

25.     As with the S7 series, Samsung emphasized the camera feature on the S8 and S8+ devices, describing its "superior camera performance" as follows:

Most smartphone cameras work best during the day. But your life is 24/7. So we built a camera that works day and night, and we made it even better for the Galaxy S8 and S8+. The front and rear cameras are so fine-tuned that your photos come out bright and clear— even when there's very little light.

The dark is no match for Galaxy S8 and S8+'s rear camera. The bright F1.7 lens and large 1.4µm pixels bring in more light when there's not enough around. So what you see is what you'll get in the shot.

When you're quick enough to capture the moment, you need a camera that's just as fast and focused—like the Galaxy S8 and S8+ camera. It focuses as swiftly as your eyes do using its Dual Pixel sensor and bright lens, delivering photos that are crisp and vivid.

The stars aligned for that picture-perfect moment and with the Galaxy S8 and S8+'s camera, that moment is yours to keep. It uses enhanced image processing, taking multiple

---

[13] Samsung Newsroom, *Samsung Introduces Galaxy S7 and Galaxy S7 edge, Center of the New Mobile World,* (Feb. 21, 2016), https://news.samsung.com/us/2016/02/21/samsung-introduces-galaxy-s7-galaxy-s7-edge-center-new-mobile-world.

[14] Official Samsung Galaxy S7 Camera Website, http://www.samsung.com/global/galaxy/galaxy-s7/camera/ (last visited Mar. 26, 2018).

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

shots and combining them into one high-quality photo. All you have to do is press the shutter.

Make full use of the Galaxy S8 and S8+'s superior camera performance by turning on Pro Mode. It gives you the option to adjust any of the six settings: ISO, Shutter speed, Exposure value, Color tone, Manual focus, and WB (White Balance).[15]

26.     With the Note 8 device, Samsung placed even more emphasis on the camera function of the device, by designing the device to have a "dual camera," and something called a "bokeh effect":

Take crisp and clear shots with the Galaxy Note8's dual camera. It supports 2x optical zoom to let you zoom in clearly. And both cameras have optical image stabilization (OIS) to produce photos that come out beautifully steady even with camera shake. . . .

Get the focus you want before you press the shutter button. Live focus lets you take beautiful bokeh shots where you make your subject stand out. And if you're not entirely satisfied, you always have the option to adjust the level of background blur afterwards . . . .

Great photos are just a snap away even when it's dark. The Galaxy Note8's wide-angle camera captures more light with its large 1.4µm pixels and bright F1.7 lens, while focusing fast and accurately thanks to the Dual Pixel Sensor. [16]

27.     Samsung develops and advertises these camera features because it knows they are important to consumers.  As noted above, Samsung itself declared that "[t]he camera is key to [the] mobile device buying decision."[17]  Samsung, like its competitors, promotes the camera function heavily before releasing a new generation of its flagship devices, and—underscoring how essential the camera function is on high-end smartphones—technology reporters will quickly review and compare cameras on new devices.

28.     Unfortunately, these impressive camera features are of no use when the lens cover spontaneously shatters and leaves the camera lens obscured by the shattered cover.  But at no point in its marketing of the S7 series or the S8 and Note 8 devices did Samsung disclose the existence of this problem and the risk that it could render the camera unusable.

---

[15] Official Samsung Galaxy S8 | S8+ Camera Website, http://www.samsung.com/global/galaxy/galaxy-s8/camera/ (last visited Mar. 27, 2018).

[16] Official Samsung Galaxy Note 8 Camera Website, https://www.samsung.com/us/galaxy/note8/camera/ (last visited Mar. 26, 2018).

[17] *See supra* notes 8-9.

## B. Plaintiff Masalin's Experience.

29. Soon after the Galaxy S7 was available on the market, Plaintiff Masalin purchased one—on February 26, 2017.

30. One of the reasons Masalin purchased the S7 was its "Dual Pixel Sensor" technology, as he wanted a smartphone that would allow him to take clear and detailed photos.

31. Fourteen days later, on March 11, 2017, Masalin noticed that the glass covering the outward-facing camera on his Galaxy S7 was shattered. At the time, the device had been charging overnight on a coffee table. He had not dropped the device or applied any external force to the glass cover. The shattered glass was in the shape of a perfect circle.

32. That day, a Saturday, Masalin called Samsung. The Samsung representative opened a "ticket" regarding his complaint and emailed him a shipping label with instructions to send his S7 to a Samsung repair facility in Plano, Texas.

33. Masalin purchased a box and bubble wrap and mailed his S7 to the Samsung repair facility on March 13, 2017.

34. Samsung Online Support sent Masalin an email confirming receipt of his S7 on March 16, 2017.

35. Samsung Online Support sent Masalin a follow-up email on March 17, 2017, informing him that the damage to his S7 was "Out of Warranty" and that the "New Repair Cost" was $70.31 which Masalin agreed to pay at that time.

36. A few hours after receiving that email, Masalin initiated a Facebook chat with Samsung Support USA. Below is a screen grab of his chat session with Samsung Support USA. Masalin stated that he agreed to pay for the repair because he "did not feel like getting into a shouting match with anyone," but that he was disappointed in Samsung's handling of the problem. The Samsung representative insisted that the repair was not covered under the 12-month warranty because the shattered lens was caused by "physical damage," which Masalin disputed.

KELLER ROHRBACK L.L.P.
301 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

3:23PM

Heard back today....apparently my "out of warranty" repair costs me $70.31...gave them my credit card number, did not feel like getting into a shouting match with anyone. Very disappointing, loved the phone, but this kind of customer "care" is not good.

SAMSUNG

I'm sorry to hear of your frustration. On the positive, your repair will come with a 90 day warranty. Kindly let us know if you have any technical questions. We'd be happy to help! ^Chris

If I am not mistaken, my phone came with a 12 month warranty...which was then denied, what is different on the 90 day one?

SAMSUNG

That's correct, your device comes with a 12 month / 1 year warranty from the original date of purchase. The reason that it was necessary to pay for this repair, is that it was deemed to be physical damage. Physical damage isn't covered under the warranty at any point, whether it's 1 day in or day 364. The 90 day warranty does not cover physical damage either, but does cover failure of the component which was repaired. Hope this helps clarify, let us know if you have anymore questions! ^Chris

Yeah, it doesn't help because there was ZERO physical damage this time either. There are TONS of pages of customers reporting the same exact thing on the Samsung US community forum and elsewhere, even the pictures are identical, so it is pretty obvious that there is a design flaw.

Chat Conversation End

## C. Plaintiff Pang's Experience.

37.     Plaintiff Pang purchased a Samsung Note 8 in California on September 18, 2017—just a few days after Samsung launched the Note 8 in the United States.  Pang purchased the Note 8 based on her understanding that its camera was one of the best smartphone cameras available, specifically because it is one of only a few devices that uses the dual camera and therefore can take professional-quality photographs.  The camera functionality of her smartphone is especially important to her because she relies on her device as her only camera.

38.     Only eight days after she purchased the Note 8, the rear camera cover spontaneously shattered.  Pang was on vacation, visiting a zoo and taking pictures from exhibit to exhibit.  The camera was functioning without problems when, only minutes after she had used it at the previous exhibit, Pang tried to take a picture only to see a blurry image and a message stating that she should clean the lens. She turned the device over and saw that the cover over the rear camera was shattered in a circular pattern.

39.     When she returned home a couple of days later, Pang returned to the mobile kiosk in Redwood City, California, where she purchased her device.  She was told by the representative at the kiosk that there was nothing that could be done unless Samsung announced an official product defect.

40.     Pang then contacted Samsung Support online, through a Facebook post to Samsung Mobile USA:

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612



41.     Pang then contacted Samsung Support through Messenger as directed, explaining how the camera cover spontaneously shattered and that other Note 8 owners had reported the same thing on the Samsung Community online forum. Pang asked about an official product recall and stated that she did not want to pay for repair given that she did not drop her phone and there was "no impact whatsoever." Ex. A (electronic message exchange between Pang and Samsung Support).

42.     Samsung informed Pang that the nearest walk-in repair center was hundreds of miles away in Los Angeles and provided instructions for shipping her phone to a repair center. Pang requested confirmation that there would be no charge for the repair, but Samsung explained that it would charge a fee: "for the total of $70.31 your device will go back to its fresh condition." *Id.*

43.     Samsung also informed Pang that the shipping and repair process would take approximately nine to eleven business days, meaning that she would be without a phone for two weeks.

Pang asked about a loaner phone, but was told Samsung does not provide loaner phones. *Id.* Pang called multiple shops about getting a loaner phone for that time, but was not able to get one.

44. Pang then requested confirmation that there would be no additional charges beyond the quoted $70.31 fee. Samsung informed her that the $70.31 was "a diagnostic fee" only and did not cover any repair. If Samsung determined her to be at fault for the damage, she would then be charged a repair fee in addition to the diagnostic fee. *Id.* Based on her research on online forums, the repair fee could be a few hundred dollars for a Note 8.

45. Because Samsung would not repair or replace her brand-new device free of charge as provided by the warranty, and because shipping the device to Samsung meant that she would be without a phone for about two weeks, Pang decided instead to replace her phone through insurance, paying a $225 deductible.

**D.    Plaintiff Seminatore's Experience**

46. On November 19, 2016, Plaintiff Seminatore purchased a new Galaxy S7 device from T-Mobile. She purchased the device, in part, because of its camera. Plaintiff Seminatore relies on the camera on her smartphone device to take many pictures. At the time she bought the phone, she was a heavy equipment operator / grade setter and relied on photographs as a communication tool when there was no foreman on the jobsite. She also relied on the camera on her smartphone device to take pictures on horseback as a volunteer trail patrol for the parks department. To protect her device, Plaintiff Seminatore also purchased and used a protective Otterbox case.

47. With Samsung's most recent devices, Samsung requires consumers to agree to certain terms and conditions (including a clause requiring consumers to arbitrate all disputes) before using their devices for the first time by affirmatively clicking a button. This is referred to as a "click-wrap" agreement. But Samsung did not use a click-wrap agreement with the S7 series of devices. Thus, when first using her device, Plaintiff Seminatore was not presented with any screen alerting her to any arbitration clause or requiring her to affirmatively click a button agreeing to arbitration. Plaintiff Seminatore, therefore, did not affirmatively agree to arbitrate any dispute between her and Samsung. Similarly, Plaintiff Seminatore was not aware of, and thus did not affirmatively opt out of, the

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

arbitration clause buried in the back of a booklet Samsung included in the box in which the S7 devices were sold.

48.     On December 4, 2016, Plaintiff Seminatore discovered the cover of the rear-facing camera was shattered in the shape of a circle. She had not dropped the phone or applied any external force to the glass lens covering; the phone had merely been charging, undisturbed on her counter.

49.     Upon discovering the shattered lens cover, Plaintiff Seminatore immediately took the phone to T-Mobile, which refused to repair or replace the device.

50.     The next day, on December 5, 2016, Plaintiff Seminatore contacted Samsung support, who indicated the device was "in warranty" and directed her to mail the device to a Samsung Repair Center in Plano, Texas. Using the shipping label and instructions Samsung provided, Plaintiff Seminatore shipped her device to the repair center. Plaintiff Seminatore also purchased a temporary phone for $50.00 to use while her S7 was being repaired.

51.     On January 30, 2017, Samsung updated the ticket associated with Plaintiff Seminatore's device to indicate the damage to the device was now "out of warranty." To repair it, Samsung wrote, Plaintiff Seminatore would have to pay $182.89. The newly-assessed repair costs included an "LCD Repair Fee" of $104.00.

52.     Plaintiff Seminatore contacted Samsung to discuss the updated ticket on January 30, 2017, and was told that the LCD screen was cracked and the motherboard damaged in addition to the damage to the device's camera lens cover. The LCD screen was not cracked and the motherboard was not damaged at the time she shipped the phone to the repair center. Nonetheless, Samsung told Plaintiff Seminatore she must pay for the repairs or it would dispose of the device. She was not given the option of having the device returned to her unrepaired. Consequently, she authorized and paid for Samsung to repair the device.

**E.      Samsung Previously Dismissed Similar Complaints from Other Customers as "Isolated Occurrences."**

53.     The spontaneously shattering camera covers on Plaintiffs' devices are not unique to them. The comments on Samsung's own online forums demonstrate that many Samsung customers have

reported the exact same defect, manifesting under similar conditions, in multiple Galaxy smartphone

devices.

54.     For example, customers posted the following comments in Samsung's online "Samsung

Community":

> So this morning I wake up to a still spotless S7E but the camera lens was completely
> shattered. I don't know what happened, I keep it in a pocket by itself and everything.

> Happened to my wife's 5 week old S7 on Sunday. It was sitting on the counter charging,
> has always been in the case, never dropped, etc. Took a picture and noticed it was fuzzy -
> then looked at the camera lens and saw that it was shattered.

> I got the s7 active 10 days ago. The camera glass has already broken. There is glass
> missing and the rest is shattered. It looks as if someone has shot it with a bb gun.

> This just happened to my phone a few days ago. I had no idea it was broken, because it
> never fell, i had it in my work vest pocket and when i started texting i felt something like
> glass on my finger so i turned my phone around and it was broken like a bb gun shot it
> right on the lens. Now the pictures are blurry.

*See* Ex. B (containing posts made on the Samsung Online Community forum regarding S7 devices); also

available at Samsung Community Forum, https://us.community.samsung.com/t5/Galaxy-S-Phones/s7-

edge-rear-camera-glass-broken/td-p/2963 (last visited Mar. 26, 2018).

55.     Samsung was clearly on notice regarding this apparent defect. In July 2016, in response

to comments such as these, a Samsung employee offered a so-called "solution" to the problem:

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

✅ Solution
Accepted by SamsungShan (Comet)
07-27-2016 03:32 PM
Re: s7 edge rear camera glass broken

Hi, everyone. I wanted to personally thank you for being active members of the community and want you to know that we understand this growing frustration and concern over something that seems quite unexplained.

We do see there are quite a few interesting theories, and although we cannot speculate on each individuals' situation, we would like to assure you that Samsung does take many different conditions into consideration when constructing our devices. Our desire is to always make high quality products for our customers and we strive to be leaders in quality. Although some unforeseen things may come, we do believe this is an isolated occurrence and do not want to place blame on anyone.

The best way to determine what caused **your** specific issue, is to send the unit in for service so that Samsung technicians can look at it firsthand. Feel free to reach out to us on any channel:

@SamsungSupport on Twitter or

Samsung Support on Facebook or

By phone at 1-800-Samsung.

We appreciate your being a loyal Samsung customer.



*See id.*; also available at Samsung Community Forum,
https://us.community.samsung.com/t5/Galaxy-S-Phones/s7-edge-rear-camera-glass-broken/m-p/14883#M6305 (last visited Mar. 26, 2018).

56.    Apparently, by way of that response, Samsung considered the problem "solved":



*See id.*

57.    Customers posted similar comments on online forums regarding the S8 and Note 8,

including the following examples:

Can someone please help me and tell me if something like that happened to them with their new Galaxy S8? For absolutely no reason the camera lens of my 16 days old S8 shattered! Never been dropped always been in a good case (spigen) since day one. Now it's like a bullet went through my phone and the camera is not working anymore.[18]

**Bullet Hole Crack in the Lens**

The same problem that many people had with their galaxy s7s. Bullet hole crack just a little under the center of the lens. I only noticed an hour ago when the lighting of the photo was off. Anyone else have this problem? Will my warranty cover this? Is this a manufact[u]ring problem?

Yeah not really willing to pay a fee for a manufacture's mistake. @Acrillix No way a bullet hole crack in the lens is gonna come from shock, regardless I have an otter box around my phone and that would mean something would have to physically poke through the lens. Also, I took a photo before the lens was cracked and after i found it crack, (through the back camera) there was no impact between those two times.[19]

58.     Notwithstanding the numerous reports from customers describing the same or similar manifestation of defect in the rear camera glass, *see generally* Exs. B and C (containing online forum complaints), Samsung called these reported events "an isolated occurrence."

59.     Samsung has neither adequately addressed customers' complaints regarding the defective camera glass in the Galaxy series smartphones nor disclosed to the public the risk of this defect manifesting in the Galaxy series smartphones.

60.     Moreover, Samsung launched new S8 and Note 8 devices without solving the camera cover problem.

**F.     Samsung Sold Its Devices with a One-Year Limited Warranty.**

61.     Samsung provides purchasers of the Galaxy smartphones with an express Limited Warranty for one year from the date of purchase.

62.     Samsung's Galaxy devices are accompanied by the Samsung Mobile Phone Health & Safety and Warranty Guide.  This document directs consumers to visit Samsung's website for the full

[18] Reddit Galaxy S8 Forum post, *Galaxy S8: Self shattered camera lens !!!!*, https://www.reddit.com/r/GalaxyS8/comments/6adnfj/galaxy_s8_self_shattered_camera_lens/ (last visited Mar. 26, 2018).
[19] Samsung Community Forum post, *Bullet Hole Crack in the Lens*, https://us.community.samsung.com/t5/Galaxy-S8-Questions-and-Answers/Bullet-Hole-Crack-in-the-Lens/m-p/120339/highlight/true#M7904.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

warranty information. The online warranty states that Samsung "warrants that SAMSUNG's devices and accessories ("Products") are free from defects in material and workmanship under normal use and service." The warranty further provides that "[d]uring the applicable warranty period, provided the Product is returned in accordance with the terms of this Limited Warranty, SAMSUNG will repair or replace the Product, at SAMSUNG's sole option, without charge."

63. Samsung's Limited Warranty does not cover physical damage that is deemed to be the result of customer misuse of the device. Accordingly, when customers send their defective Galaxy devices to Samsung for evaluation and repair, Samsung improperly labels the problem "Camera Lens Abuse" and therefore "out of warranty."

64. Rather than comply with the terms of its Limited Warranty, Samsung improperly and speculatively blames its customers for the spontaneously shattering glass lens cover.

## V.    CLASS ACTION ALLEGATIONS

65. Plaintiffs bring this suit on behalf of themselves and, pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> **The Class**. All persons and entities in the State of California who purchased or leased a Samsung Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, regardless of whether they opted out of a provision Samsung claims would obligate them to arbitrate the claims alleged in this action, and all persons and entities in the State of California who purchased or leased a Samsung Galaxy S8 or Galaxy Note 8 who affirmatively opted out of a provision Samsung claims would otherwise obligate them to arbitrate the claims alleged in this action.

66. Within the Class there are two Subclasses[20]:

> **The Default Subclass**. Plaintiff Seminatore represents those persons and entities within the Class who purchased or leased a Samsung Galaxy S7, Galaxy S7 Edge, or Galaxy S7 Active and did not affirmatively opt out of a provision Samsung claims obligates them to arbitrate the claims alleged in this action.

> **The Opt-Out Subclass**. Plaintiffs Pang and Masalin represent those persons and entities within the Class who purchased or leased a Samsung Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, Galaxy S8, or Galaxy Note 8 and affirmatively opted out of a provision

---

[20] Plaintiffs do not believe subclasses are necessary because the arbitration clause on which Samsung relies is not an enforceable agreement to arbitrate. If the arbitration clause is not enforceable, then all named Plaintiffs could represent all members of the Class. However, consistent with the Court's Order, Plaintiffs are amending their complaint to add the aforementioned Subclasses pending resolution of the enforceability of the arbitration clause.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

Samsung claims would otherwise obligate them to arbitrate the claims alleged in this action.

67. Excluded from the Class and Subclasses are the Defendant, the officers, directors or employees of the Defendant, the attorneys in this case and any judge assigned to this matter, including the Court's staff.

68. Plaintiffs reserve the right to redefine the Class and Subclasses prior to certification.

69. This action is brought, and may properly be maintained, as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

70. **Numerosity**. The proposed Class and Subclasses are sufficiently numerous and their members are dispersed throughout California, making joinder of all members impracticable.

71. **Commonality**. Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual Class and Subclass members, including:

   a) whether the Galaxy devices are materially defective;

   b) whether Samsung knew, or should have known, that the Galaxy devices are materially defective;

   c) whether Samsung omitted and concealed material facts from its communications and disclosures to Plaintiffs and the Class regarding the defects in the Galaxy devices;

   d) whether Samsung breached its express warranty;

   e) whether Samsung breached its implied warranties;

   f) whether Samsung has been unjustly enriched;

   g) whether Samsung acted in violation of state and federal law; and

   h) whether Plaintiffs and the Class are entitled to damages and/or injunctive relief, and if so, the appropriate amount thereof.

72. **Typicality**. Plaintiffs' claims are typical of the claims of members of the proposed Class and Subclasses because, among other things, Plaintiffs and Class and Subclass members sustained similar injuries as a result of Defendant's uniform wrongful conduct and their legal claims all arise from the same conduct.

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

73. **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the proposed Class and Subclasses. Plaintiffs' interests do not conflict with Class or the Subclasses members' interests and Plaintiffs have retained counsel experienced in complex class action and consumer protection litigation to prosecute this case on behalf of the Class and Subclasses.

74. **Rule 23(b)(3)**. In addition to satisfying the prerequisites of Rule 23(a), Plaintiffs satisfy the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual Class and Subclass members and a class action is superior to individual litigation. The amount of damages available to individual plaintiffs is insufficient to make litigation addressing Defendant's conduct economically feasible in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

75. **Rule 23(b)(2)**. Plaintiffs also satisfy the requirements for maintaining a class action under Rule 23(b)(2). Defendant has acted or refused to act on grounds that apply generally to the proposed Class and Subclasses, making final declaratory or injunctive relief appropriate with respect to the proposed Class and Subclasses as a whole.

## VI. CAUSES OF ACTION

### COUNT I

### Violation of the Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750, *et seq.*

76. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

77. California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), makes it unlawful to engage in unfair methods of competition and unfair or deceptive acts or practices intended to result, or which results, in the sale or lease of goods or services to any consumer.

78.     Plaintiffs and members of the Class were, and continue to be, all times material to the Complaint, "consumers" and "persons" as defined by the Cal. Civ. Code § 1761. Plaintiffs purchased their Galaxy devices for personal, family, and/or household use.

79.     The Galaxy devices are "goods" as defined in Cal. Civ. Code § 1761(a).

80.     As alleged throughout this Complaint, Samsung engaged in unfair, deceptive, and/or unlawful marketing in violation of Civ. Code § 1770(a) by representing to the Class that the camera function of its Galaxy devices was of a superior quality when, in fact, the spontaneously shattering lens cover renders the camera unusable.

81.     In addition, Samsung violated CLRA § 1770(a)(7) by representing that the Galaxy devices were of a particular standard, quality, or grade when they were of another.

82.     Samsung had a duty to disclose this defect because (1) the existence of this defect is material to consumers, (2) Samsung had exclusive knowledge of the existence of the defect, and (3) Samsung made representations about the camera function of the Galaxy series devices while suppressing information about the defective camera cover.

83.     Samsung's misrepresentations about the quality and functionality of the Galaxy devices' cameras are material in that a reasonable consumer would have considered them important in deciding whether to purchase a Galaxy device.

84.     Samsung's decision not to disclose these material facts was made for profit as a deliberate corporate policy rather than an isolated incident, and was morally wrong, callous, and/or oppressive.

85.     Plaintiffs and members of the Class lost money as a result of Samsung's unlawful marketing practices pursuant to Cal. Civ. Code § 1770(a).

86.     Pursuant to the California Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750, *et seq.*, Plaintiffs and the Class are entitled to damages and other legal and equitable relief and to costs and attorneys' fees.

87.     Plaintiffs, on behalf of themselves and all others similarly situated, seek injunctive relief in the form of an order prohibiting Samsung from engaging in the misconduct described herein and

directing Samsung to treat the spontaneously shattering lens covers on its devices as defective through no fault of the consumers and therefore covered by Samsung's standard Limited Warranty.

88.     Pursuant to Cal. Civ. Code § 1780(a), Plaintiff and the Class seek all available damages and any other just and proper relief available under the CLRA.

89.     Plaintiffs provided Samsung with notice in compliance with California Civil Code §§ 1782(a) and (d) by serving the original complaint in this action on Samsung on May 14, 2018. The original complaint notified Samsung that if it did not provide appropriate relief for its violation of the CLRA within thirty days of Plaintiffs' notice, Plaintiffs would amend the Complaint to seek damages under the CLRA. Plaintiffs have not received any response or any appropriate correction, repair, replacement or other remedy from Samsung.

90.     Plaintiffs have complied with Cal. Civ. Code § 1780(d) by submitting affidavits filed concurrently herewith.

**COUNT II**
**Breach of Express Warranty**
**Violations of the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.***

91.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

92.     Samsung's Galaxy devices are "consumer goods" within the meaning of California Civil Code § 1791(a).

93.     Plaintiffs and the other Class members are "buyers" within the meaning of California Civil Code § 1791(b).

94.     Samsung is a "manufacturer" of the Galaxy devices within the meaning of California Civil Code § 1791(j).

95.     Plaintiffs and the other Class members purchased new Galaxy devices manufactured by Samsung.

96.     Samsung made express warranties to Plaintiffs and the other Class members within the meaning of California Civil Code §§ 1791.2 and 1793.2, as described above.

97. As set forth above, Samsung expressly warranted that its Galaxy devices are "free from defects in material and workmanship under normal use and service" and that Samsung will repair or replace the product without charge during the applicable warranty period.

98. As an express warrantor and manufacturer, Samsung had certain obligations under the Song-Beverly Act, and, in particular, California Civil Code § 1793.2(b) and (d), to conform the Galaxy devices to Samsung's express warranty.

99. Samsung is obligated under the terms of its express warranty to repair and/or replace the defective devices sold to Plaintiffs and the Class.

100. Samsung has breached its express warranty by supplying the Galaxy smartphones in a condition which does not meet the warranty obligations undertaken by Samsung and by failing to repair or replace the defect and/or defective parts inherent in the devices.

101. Samsung has received sufficient and timely notice of the breaches of warranty alleged herein. Despite this notice and Samsung's knowledge, Samsung refuses to honor its warranty, even though it knows of the inherent defect in the Galaxy series.

102. In addition, on information and belief, Samsung has received hundreds, if not thousands, of complaints and other notices from consumers advising them of the defective camera lens cover in the Galaxy devices.

103. Samsung has failed to provide to Plaintiffs or the Class members, as a warranty replacement, a product that conforms to the qualities and characteristics that Samsung expressly warranted when it sold its Galaxy devices to Plaintiffs and members of the Class.

104. As a result of Samsung's breach of warranty, Plaintiffs and the Class have suffered damages in an amount to be determined at trial.

105. Pursuant to California Civil Code §§ 1793.2 & 1794, Plaintiffs and the Class are entitled to damages and other legal and equitable relief and to costs and attorneys' fees.

**COUNT III**
**Breach of Implied Warranty of Merchantability**
**Violations of the Song-Beverly Act, Cal. Civ. Code § 1790** *et seq.*

106. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

22

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

107.     Samsung's implied warranty of merchantability accompanied the sale of the Galaxy smartphones to Plaintiffs and members of the Class.

108.     Samsung is a merchant in the sale of its smartphones to Plaintiffs and the Class members. Samsung manufactures, markets, and sells the smartphones. Samsung provided Plaintiffs and the Class members with an implied warranty that the smartphones were merchantable and fit for the ordinary purposes for which they were sold. The Galaxy devices are not fit for the ordinary purpose of taking pictures, because the protective glass covering over the rear camera lens shatters spontaneously, and the shattered glass obscures the lens, rendering photos blurry. Thus, as the camera is now an integral component of a smartphone, the Galaxy devices are not fit for the ordinary purpose of a handheld computing device that includes a camera.

109.     Samsung knew or had reason to know that Plaintiffs and the Class members purchased the Galaxy smartphones to use them as cameras as well as handheld computing devices.

110.     Plaintiffs and the Class members have used their Galaxy devices for their intended and ordinary purposes.

111.     By failing to repair the Galaxy devices and by failing to replace them as needed, Samsung has breached the implied warranty of merchantability.

112.     Plaintiffs and the Class members have provided sufficient and timely notice to Samsung regarding the problems they experienced with the Galaxy smartphones and, despite such notice, Samsung has failed and refused to offer Plaintiffs and the Class members an effective remedy.

113.     In addition, on information and belief, Samsung has received hundreds, if not thousands, of complaints and other notices from consumers advising them of the defective camera lens cover in the Galaxy smartphones.

114.     As a proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and other members of the Class sustained damages including, but not limited to, the purchase price of the Galaxy device, the cost to repair or replace the device, and associated cellular carrier costs.

115.     Plaintiffs and other members of the Class are entitled to all of the damages, remedies, fees, and costs available for Samsung's breach of implied warranties of merchantability pursuant to Ca. Civ. Code § 1794.

**KELLER ROHRBACK L.L.P.**
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

**COUNT IV**
**Breach of Express Warranty**
**Violation of Cal. Comm. Code § 2313**

116.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

117.     Samsung is obligated under the terms of its express warranty to repair and/or replace the defective devices sold to Plaintiffs and the Class.

118.     Samsung has breached its express warranty by supplying the Galaxy smartphones in a condition which does not meet the warranty obligations undertaken by Samsung and by failing to repair or replace the defect and/or defective parts inherent in the devices.

119.     Plaintiffs provided Samsung sufficient and timely notice of the breaches of warranty alleged herein.  Despite this notice, Samsung failed to repair or replace Plaintiffs' devices as required by the warranty.

120.     In addition, on information and belief, Samsung has received hundreds, if not thousands, of complaints and other notices from consumers advising them of the defective camera lens cover in the Galaxy devices.

121.     Samsung has failed to provide to Plaintiffs or the Class members, as a warranty replacement, a product that conforms to the qualities and characteristics that Samsung expressly warranted when it sold its Galaxy devices to Plaintiffs and members of the Class.

122.     As a result of Samsung's breach of warranty, Plaintiffs and the Class have suffered damages in an amount to be determined at trial.

**COUNT V**
**Breach of Implied Warranty of Merchantability**
**Violation of Cal. Comm. Code § 2314**

123.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

124.     Samsung's implied warranty of merchantability accompanied the sale of the Galaxy smartphones to Plaintiffs and members of the Class.

125.    Samsung is a merchant in the sale of its devices to Plaintiffs and the Class members. Samsung manufactures, markets, and sells the smartphones. That the devices were merchantable and fit for the ordinary purposes for which they were sold was implied by law pursuant to Cal. Comm. Code § 2314.

126.    The Galaxy devices, when sold and at all times thereafter, were not in merchantable condition and not fit for the ordinary purpose for which a smartphone is used. Specifically, the protective glass covering over the rear camera lens shatters spontaneously, and the shattered glass obscures the lens. Because the camera is an integral component of a smartphone, the Galaxy devices are not fit for their ordinary purpose.

127.    Samsung knew or had reason to know that Plaintiffs and the Class members purchased the Galaxy smartphones to use them as cameras as well as handheld computing devices.

128.    Samsung was fully aware of the problems Plaintiffs and other customers experienced with the Galaxy smartphones. Despite such knowledge, Samsung has failed to honor its warranties and refused to offer Plaintiffs and the Class members an effective remedy.

129.    Samsung sells its devices through a network of authorized dealers, and these dealers are not the intended beneficiaries of the warranties associated with Samsung's devices. Rather, Plaintiffs and other members of the Class were the intended beneficiaries of the warranties associated with the Galaxy devices, including the implied warranties. The authorized dealers were not intended to be the ultimate consumers of the Galaxy devices and have no rights under the warranty agreements Samsung provided. The warranties associated with the Galaxy devices were intended to benefit the ultimate consumers of the devices, including Plaintiffs and the Class.

130.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and other members of the Class sustained damages including, but not limited to, the cost to repair or replace the device and associated cellular carrier costs.

**COUNT VI**
**Violations of the Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

131.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

132.     California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.  The UCL is interpreted broadly and provides a cause of action for any unlawful, unfair, or fraudulent business act or practice.  Any unlawful, unfair, or fraudulent business practice that causes injury to consumers falls within the ambit of the UCL.

133.     Samsung engaged in substantial advertising and marketing of the Galaxy devices within the State of California.

134.     Samsung made uniform representations that the Galaxy devices were of a particular standard, quality, or grade when they were not, and that they would perform as represented when they did not, and, as set forth above, made false and/or misleading statements regarding the quality and characteristics of the Galaxy devices that, as set forth above, were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the Plaintiffs and the other members of the Class, and were made in violation of the UCL.  Namely, Samsung marketed and sold Galaxy smartphones with a design flaw that causes the glass covering the outward-facing camera lens to shatter spontaneously with normal use.

135.     In its communications and disclosures to Plaintiffs and the members of the Class, Samsung intentionally concealed and/or failed to disclose that the Galaxy devices have this design and/or manufacturing defect, for the purpose of inducing the Plaintiffs and other members of the Class to purchase a Galaxy device.  These omissions and misleading statements were unfair or deceptive, had the capacity to deceive the public, caused injury to the property of the Plaintiffs and the other members of the Class, and were made in violation of the UCL.

136.     Samsung had exclusive knowledge that the Galaxy devices had the defect or defects set forth above, facts not known to the Plaintiffs and the other members of the Class.  Samsung's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which they failed to perform.

137.     Samsung knew, or was reckless in not knowing, that its statements about the Galaxy devices were false and/or misleading.

138.     By the conduct described herein, Samsung engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of business, trade, or commerce.

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

139. The representations made by Samsung and the facts concealed and/or not disclosed by Samsung to Plaintiffs and the other members of the Class are material facts that were likely to deceive reasonable consumers, and that a reasonable consumer would have relied on in deciding whether or not to purchase a Galaxy device. Had Plaintiffs and other members of the Class known that the glass cover over the outward-facing camera lens could, in a matter of weeks or months, spontaneously shatter without any external force applied, they would not have purchased their Galaxy smartphones.

140. Plaintiffs relied on Samsung's representations regarding the quality of the camera function of the Galaxy devices, including Samsung's material omission of the risk of the glass cover shattering spontaneously. Samsung sold and marketed its Galaxy devices without disclosing the risk of this defect.

141. Samsung's conduct constitutes unlawful business practices under the UCL because it violates Cal. U. Com. Code §§ 2313-15 (breach of express and implied warranty); Cal. Bus. & Prof. Code §§ 17500, *et seq.* (false advertising and marketing); and Cal. Civ. Code §§ 1750, *et seq.* (violations of California's Consumer Legal Remedies Act).

142. Samsung's conduct also constitutes unfair business practices under the UCL.

143. A business practice is unfair when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

144. Samsung's business practice is substantially injurious to consumers. The foregoing acts, misrepresentations, omissions, and unconscionable commercial practices caused Plaintiffs and other members of the Class to suffer an economic injury in the form of money spent to repair or replace their Galaxy smartphones and diminution in value of their Galaxy smartphones.

145. The harm to Plaintiffs and the Class caused by Samsung's unfair business practices outweighs any countervailing benefits to consumers or competition, and could not reasonably have been known and avoided by consumers. Furthermore, Samsung's unfair business practices cannot be excused for any business justification, motive, or rationale in light of the severity of Samsung's misconduct and the harm caused to Plaintiffs and the Class.

146. As a result of Samsung's violations of the UCL, Plaintiffs seek an order of this Court enjoining Samsung from continuing these unlawful and unfair practices and awarding Plaintiffs and the

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

Class, *inter alia*, restitution, a disgorgement of Samsung's profits, and for such other relief set forth below.

## COUNT VII
## Unjust Enrichment
## California Common Law

147.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

148.     At all relevant times, Samsung designed, manufactured, sold, distributed, and/or marketed Galaxy devices with a defect that causes the glass cover of the outward-facing camera to spontaneously shatter, rendering the camera unusable, but made false and misleading representations about the quality of the Galaxy camera.

149.     Plaintiffs and members of the Class conferred upon Samsung, without knowledge of the inherent flaws in the Galaxy series, a benefit through payment for the Galaxy devices.  However, Plaintiffs and the members of the Class were not receiving products of the high quality, nature, fitness, safety, or value that had been represented by Samsung and that reasonable consumers would have expected, and inequity has resulted.

150.     Samsung's retention of the benefits conferred by Plaintiffs and members of the Class under these circumstances is unjust and inequitable.  Plaintiffs and members of the Class are therefore entitled to recover or recoup damages as a result of Samsung's unjust enrichment.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually and on behalf of members of the Class, respectfully request that the Court enter judgment in their favor and against Samsung, as follows:

A. Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

B. An order temporarily and permanently enjoining Samsung from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. Injunctive relief, including public injunctive relief, as the court deems appropriate;

D. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

E. Declaratory relief as the court deems appropriate;

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

F. Treble and/or punitive damages as permitted by applicable laws;

G. An order requiring Samsung to pay both pre- and post-judgment interest on any amounts awarded;

H. An award of costs and attorneys' fees; and

I. Such other or further relief as may be appropriate.

## VIII. JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 19th day of October, 2018.

KELLER ROHRBACK L.L.P.

By *s/ Michael D. Woerner*

Michael D. Woerner (admitted pro hac vice)
Matthew M. Gerend (admitted pro hac vice)
Alison S. Gaffney (admitted pro hac vice)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel.: (206) 623-1900
Fax: (206) 623-3384
mwoerner@kellerrohrback.com
mgerend@kellerrohrback.com
agaffney@kellerrohrback.com

Jeffrey Lewis (SBN 66587)
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 463-3900, Fax (510) 463-3901
jlewis@kellerrohrback.com

*Attorneys for Plaintiffs*

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2018, I electronically filed the foregoing with the Clerk of the

Court using CM/ECF system, which shall send notification of such filing to all CM/ECF participants.

By: *s/   Michael D. Woerner*
Michael D. Woerner

KELLER ROHRBACK L.L.P.
300 LAKESIDE DRIVE, SUITE 1000, OAKLAND, CA 94612